Johnson, Ch. J.
We have presented in this suit, without any direct proof of the injury complained of, the record of a judgment in favor of this plaintiff and against the same defendant, which passed in his favor upon the express ground that" as matter of fact the defendant’s dam set back the water upon the wheel of the plaintiff’s saw-mill.
A second record is also found in a suit by this plaintiff and Israel P, Mersereau, against the same defendant, in which judgment passed for the defendant upon the express ground of fact that the defendant’s dam did not set back water upon the wheel of the grist-mill of the two plaintiffs. It is further admitted that the saw-mill of David Mersereau, and the gristmill of David and Israel P. Mersereau, are supplied from a single dam, which is the property of the two; that the wheels of the saw and grist-mills are on the same level, and that the back-water from the defendant’s dam affects alike and equally the wheels of the saw-mill and grist-mill. It will be observed that these last mentioned facts, admitted for the purposes of the trial, are no part of the adjudication in the second suit The question there related solely to the water set back on the wheel of the grist-mill. What the relative level of the two wheels was, or their being equally or unequally affected, was not in controversy, and could not be litigated in that suit.
. In the second suit, there was a new party plaintiff joined with the plaintiff in the first suit. It was not brought upon the same title or right which was set up in the first suit It is quite clear, therefore, that the judgment in the first suit could not have been used in evidence in the second, upon the ground that the parties were different. That decision may have been made on the testimony of the new plaintiff in the second suit. On *111 that ground alone it would necessarily have been excluded if offered. (2 Cow. & Hill's Notes, 818; Baring v. Fanning, 1 Paine C. C., 549.) It is impossible, therefore, to say that the plaintiff has been guilty of any laches in the triql of the second suit by which he has been deprived of the right to avail himself of the first adjudication. The situation of the parties, then, is this, the plaintiff has an adjudication in his favor in a suit against the defendant, in which the precise question now in controversy, in respect to his saw-mill wheel, was litigated. The defendant has, at most, an adjudication in which the plaintiff and another were plaintiffs, not upon the precise point now in controversy, but upon the fact as to flooding the grist-mill wheel, which, by argument founded on the admission of facts not adjudicated, he insists demonstrates that the two questions ought to have been decided in the same way. This does not present a case of adjudication against adjudication, but only of an adjudication one way and a probable argument founded' on another adjudication of a distinct question the other way. It leaves the effect of the first judgment untouched.
The judgment should be affirmed.
Gray, J., expressed no opinion; all the other "judges concurring,
Judgment affirmed.